1  WEIL, GOTSHAL & MANGES LLP
   BENJAMIN E. MARKS, ESQ. (MOTION FOR
2  ADMISSION *PRO HAC VICE* TO BE FILED AFTER
   RECEIPT OF CASE NUMBER )
3  767 FIFTH AVENUE
   NEW YORK, NEW YORK 10153
4  E-MAIL: BENJAMIN.MARKS@WEIL.COM
   TELEPHONE: (212) 310-8000
5  FACSIMILE: (212) 310-8007

6  CALDWELL LESLIE & PROCTOR PC
   LINDA M. BURROW, ESQ., STATE BAR NO. 194668
7  1000 WILSHIRE BOULEVARD, SUIT 600
   LOS ANGELES, CA 90017-2463
8  E-MAIL: BURROW@CALDWELL-LESLIE.COM
   TELEPHONE: (213) 629-9040
9  FACSIMILE: (213) 629-9022

10 Attorneys for Non-Party Fox Broadcasting
   Company

FILED
CLERK, U.S. DISTRICT COURT
MAY 11 2011
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WPIX, INC., et al.,<br><br>        Applicants,<br><br>vs.<br><br>BROADCAST MUSIC, INC.,<br><br>        Respondent. | Case No.: CV-11-4052 SJO (JEMx)<br><br>Related to Case No. 09-CV-10366 (LLS) (SDNY)<br><br>**DECLARATION OF BENJAMIN E. MARKS IN OPPOSITION TO RESPONDENT BMI'S MOTION TO COMPEL NON-PARTY FOX BROADCASTING COMPANY TO PRODUCE DOCUMENTS**<br><br>Hearing Date: 6-21-11<br>Time: 10:00 AM |

## DECLARATION OF BENJAMIN E. MARKS

I, BENJAMIN E. MARKS, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that:

1. I am an attorney duly admitted to practice law before the United States District Court for the Southern District of New York. I am a partner of Weil, Gotshal & Manges LLP ("Weil"), counsel for third party Fox Broadcasting Company ("FBC"). Separately, Weil represents the Applicants in *WPIX, Inc. et al. v. Broadcast Music, Inc*, NO. 09-CV-10366 (LLS) (S.D.N.Y.) ("The Rate Court Proceeding") and for many years has represented the Television Music License Committee ("TMLC") in license dealings with BMI.

2. On behalf of FBC, I submit this declaration in opposition to Respondent Broadcast Music, Inc.'s ("BMI") Motion to Compel Fox Broadcasting Company to Produce Documents (the "FBC Subpoena") and in connection with the Joint Stipulation Regarding Respondent BMI's Motion to Compel FBC to Produce Documents. This declaration is based on my personal knowledge.

3. Attached hereto as Exhibit A is a true and correct copy of the First Request By Broadcast Music, Inc. for Production of Documents by WPIX, Inc., et al.

4. Attached hereto as Exhibit B is a true and correct copy of the form American Society of Composers, Artists, and Producers ("ASCAP") Local Television Station Blanket License agreement covering the period from April 1, 1998 to December 31, 2009 and the exhibits attached thereto.

5. Attached hereto as Exhibit C is a true and correct copy of the form BMI Local Television Station Blanket License agreement covering the period from April 1, 1999 to December 31, 2004 with the exhibits attached thereto.

6. Attached hereto as Exhibit D is a true and correct copy of the form BMI Local Television Station Blanket License agreement covering the period from

January 1, 1995 through March 31, 1999 with the exhibits attached thereto.

7. Attached hereto as Exhibit E is a true and correct copy of the form SESAC Local Television Station Blanket License agreement covering the period from January 1, 2001 through December 31, 2004 with the exhibits attached thereto. This document is being filed under seal, as it is designated "Restricted" pursuant to the protective order in place in the Rate Court Proceeding.

8. Attached hereto as Exhibit F is a true and correct copy of the Arbitration Award, dated June 22, 2006, and award in the arbitration proceeding between SESAC, Inc. (Claimant) and the Television Music License Committee ("TMLC") (Respondent) (Case No. 1313330518305).

9. Attached hereto as Exhibit G is a true and correct copy of a sample ASCAP Local Station Per Program License for the period covering April 1, 1998 to December 31, 2009 with the exhibits attached thereto.

10. Attached hereto as Exhibit H is a true and correct copy of a sample BMI Local Station Per Program License for the period covering April 1, 1999 to December 31, 2004 with the exhibits attached thereto.

11. Attached hereto as Exhibit I is a true and correct copy of the Response of BMI to First Request by Applicants for the Production of Documents in the Rate Court Proceeding.

12. Attached hereto as Exhibit J is a true and correct copy of a letter, dated August 25, 2010, from Michael Salzman to Benjamin E. Marks.

13. Attached hereto as Exhibit K is a true and correct copy of a letter, dated February 16, 2011, from Linda Dakin-Grimm to R. Bruce Rich.

14. Attached hereto as Exhibit L is a true and correct copy of a letter, dated March 2, 2011, from Benjamin E. Marks to Rachel Penski Fissell.

15. Attached hereto as Exhibit M is a true and correct copy of a letter, dated March 16, 2011, from Linda Dakin-Grimm to Benjamin E. Marks.

16. Attached hereto as Exhibit N is a true and correct copy of Applicants' Responses and Objections to the First Request by BMI For Production of Documents in the Rate Court Proceeding.

17. Attached hereto as Exhibit O is a true and correct copy of a letter, dated December 10, 2010, from R. Bruce Rich to the Honorable Louis L. Stanton.

18. Attached hereto as Exhibit P is a true and correct copy (without changes for transcription errors) of the transcript of a January 28, 2011 hearing in the above-captioned litigation concerning BMI's effort to compel production of documents related to Applicants' retransmission consent agreements.

19. Attached hereto as Exhibit Q is a true and correct copy of a letter, dated January 25, 2011, from Randall Kender to Linda Dakin-Grimm providing FBC's initial responses and objections to the FBC Subpoena.

20. Attached hereto as Exhibit R is a true and correct copy of the Expert Report of Barry Kresch, dated January 6, 2006, from the SESAC Arbitration. This document is being filed under seal, as it is designated "RESTRICTED" pursuant to the protective order in place in the Rate Court Proceeding.

21. Attached hereto as Exhibit S is a true and correct copy of a webpage from the BMI website, printed on April 27, 2011, displaying an article entitled *"Technology Leaders."* This webpage is available at http://www.bmi.com/about/entry/533108.

22. Attached hereto as Exhibit T is a true and correct copy of the Supplemental Response of BMI to First Request by Applicants for the Production of Documents (Docket No. 09-CV-10366 (LLS)). This document is being filed under seal, as it is designated "CONFIDENTIAL" pursuant to the protective order in place in the Rate Court Proceeding.

23. Attached hereto as Exhibit U is a true and correct copy of the original version of BMI's portion of this Joint Stipulation, which was served on FBC on

April 13, 2011.

24. During the approximately 25-year period in which FBC has been providing FBC programming to affiliated local broadcast television stations, local broadcast television station owners have participated in two rate court litigations in addition to the pending proceeding, two rate arbitrations, and multiple voluntary agreements (including some to settle pending litigation) between local television station owners on the one hand and PROs on the other.

25. In response to discovery requests propounded by BMI, the TMLC, which represents the local television industry in negotiations with BMI and coordinates rate court litigation on their behalf, has searched for (subject to the agreed discovery cut-off and other search parameters) and produced to BMI:

 A. audience information from its files used to allocate industry-wide blanket license fees and in connection with negotiating with PROs for local broadcast television industry licenses for public performance rights;

 B. expert reports provided by Barry Kresch, its expert on Nielsen audience measurements, in connection with past rate litigations (Applicants have disclosed to BMI that they expect to provide expert testimony from Mr. Kresch in this proceeding); and

 C. cue sheet data obtained and music use analyses prepared in the ordinary course of business of negotiating with PROs, as well as in connection with prior rate litigation.

26. Weil also represents Hulu, which operates the www.hulu.com web site, in connection with the acquisition of music performing rights licenses from performing rights organizations. On September 12, 2007, pursuant to Section XIV of BMI's amended consent decree, Hulu applied for a music performance rights license from BMI, effective September 24, 2007, for Hulu's delivery of audio-visual programming through the www.hulu.com web site and various third-party

web sites. As part of good-faith negotiations with BMI on the terms of a final license, and pursuant to a non-disclosure agreement, Hulu provided comprehensive responses to BMI requests for information about Hulu's business operations, means of distribution, and content streams. Those responses have been updated several times during the course of negotiations.

27. On May 6, 2011, I appeared before Judge Stanton on behalf of the Applicants in the Rate Court Proceeding for a status conference. Among the topics addressed at the conference was BMI's motion to compel production of documents from Applicants in response to Requests 21, 23, and 24 of the First Request by Broadcast Music, Inc. for Production of Documents by WPIX, Inc. et al., which concern retransmission consent agreements, revenues derived therefrom, and apportionment or sharing of consent fees with networks. The court determined that BMI was entitled to disclosure by the designated Applicants of the figures for retransmission consent payments. The transcript of the conference was not yet available at the time at the time this declaration was executed.

Executed on the 6th day of May, 2011.

_____
BENJAMIN E. MARKS, ESQ.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153